## IN THE IOWA DISTRICT COURT IN AND FOR LINN COUNTY

| | |
|---|---|
| TEODORA SHAW,<br><br>       Plaintiff,<br><br>  vs.<br><br>WHIRLPOOL CORPORATION,<br>GALLAGHER BASSETT SERVICES, INC.,<br>and EXAMWORKS CLINICAL SOLUTIONS,<br>LLC,<br><br>       Defendants. | Case No.: _____<br><br><br>**PETITION AT LAW<br>AND<br>JURY DEMAND** |

COMES NOW the Plaintiff, Teodora Shaw, for her claims against Defendants Whirlpool Corporation, Gallagher Bassett Services, Inc., and ExamWorks Clinical Solutions, LLC and states as follows:

### JURISDICTION AND VENUE

1.      The facts set forth herein are alleged in support of Teodora Shaw's claims against Whirlpool Corporation, Gallagher Bassett Services, Inc. and ExamWorks Clinical Solutions, LLC, for their breach of contract and/or tortuously wrongful conduct in the failure to carefully, reasonably, promptly and transparently, and in good faith, complete settlement, obtain Medicare approval and agreement as to conditional Medicare payments and lien, obtain Medicare approval and agreement as to a Medicare-Set-Aside Agreement and to promptly provide payments as required under the settlement agreement of Teodora Shaw's worker compensation claims, all as more specifically set forth herein.

2.      At all times material hereto, Plaintiff Teodora Shaw ("Ms. Shaw"), was, and is, a citizen and resident of Linn County, Iowa.

1

EXHIBIT

A

exhibitsticker.com

3.     At all times material hereto the Defendant Whirlpool  Corporation ("Whirlpool") was and is a corporation with a principal place of business in the State of Michigan and which conducts significant business within the State of Iowa, including Linn County.

4.     At all times material hereto the Defendant Gallagher Bassett Services, Inc. ("Gallagher Bassett") was and is a corporation with a principal place of business in the State of Illinois and which conducts significant business within the State of Iowa, including Linn County.

5.     At all times material hereto, MediInsights was and is a subsidiary of Gallagher Bassett, was managed and controlled by Gallagher Bassett and was the agent for and acting on behalf of Gallagher Bassett.

6.     At all times material hereto, ExamWorks Clinical Solutions, LLC ("ExamWorks") was and is or are a business entity with a principal place of business in Georgia and which contracts for and/or conducts significant business within the State of Iowa and including contracting for and conducting business in Linn County and in this case for Medicare Compliance and Review and Medicare Secondary Payer compliance services.

7.     At all times material and relevant herein, Whirlpool, Gallagher Bassett and ExamWorks, and/or their employees and agents, were acting within the scope of their employment and/or agency with Whirlpool, Gallagher Bassett and/or ExamWorks and were the agents acting for and on behalf of Whirlpool, Gallagher Bassett and/or ExamWorks.

8.     At all times material to the allegations stated herein, Whirlpool, Gallagher Bassett and ExamWorks were authorized to or were conducting business in the State of Iowa.

9.     Whirlpool was and is allowed to operate its business in Iowa and pursuant to the laws of the State of Iowa and for the purpose, among others, of providing self-insured worker

2

compensation benefits to Iowa workers who are injured in and out of the course of their employment with Whirlpool while in the State of Iowa.

10. At the times relevant herein, Whirlpool, as self-insured for workers compensation, was responsible for handling, managing and administrating Ms. Shaw's worker's compensation claims pursuant to the Iowa statutory scheme of workers' compensation benefits involved herein, including weekly compensation benefits, permanent disability benefits and medical care benefits and in completing and complying with any terms of any settlement of Ms. Shaw's worker compensation claim.

11. At the times relevant herein, Whirlpool had entered into a contract with Gallagher Bassett wherein Gallagher Bassett agreed, as a third-party administrator, to act for and on behalf of Whirlpool for and in handling, managing and administrating of worker compensation benefits for injured Whirlpool workers in the State of Iowa, including for Ms. Shaw's worker's compensation claims involved herein, including weekly compensation benefits, permanent disability benefits and medical care benefits and in completing and complying with all terms required of any settlement of Ms. Shaw's worker compensation claims.

12. Ms. Shaw, as an employee of Whirlpool, was a third-party beneficiary of the contract between Whirlpool and Gallagher Bassett referred to above wherein Gallagher Bassett was contracted with Whirlpool for and in handling, managing and administrating of worker compensation benefits for injured Whirlpool workers in the State of Iowa, including for Ms. Shaw's worker's compensation claims involved herein, including weekly compensation benefits, permanent disability benefits and medical care benefits and in completing and complying with all terms required of any settlement of any worker compensation claims.

3

13. At times relevant to the processing of the underlying case as alleged herein, Ms. Shaw, as an injured worker from Whirlpool and with a proposed worker compensation claim and/or settlement with Whirlpool, which involved a Medicare Set Aside ("MSA") proposal and Medicare conditional payment proposals ("MSP") as stated hereinafter, was a third-party beneficiary of a contract between Whirlpool and/or Gallagher Bassett, and with ExamWorks for the provision of services to submit and obtain approval of Centers for Medicare and Medicaid Services as to a Medicare Set Aside Arrangement and Medicare conditional payment terms to complete the proposed worker compensation settlement agreement alleged hereinafter.

14. Venue is proper in the Iowa District Court for Linn County as the Defendants Whirlpool, Gallagher Bassett and/or ExamWorks conduct significant business within the State of Iowa, including in Linn County, Iowa, acts upon which this action are based arose from worker compensation proceedings while Ms. Shaw lived in Linn County and a settlement agreement contract was entered into in Linn County involving the worker compensation claims which contract was to be performed in Linn County, Iowa.

15. The amount in controversy herein exceeds the jurisdictional amount for the small claims court.

**GENERAL ALLEGATIONS**

16. Ms. Shaw is now 64 having been born on September 17, 1954.

17. Ms. Shaw had substantial skills in factory work which was, and at the time, until October 8, 2009 and March 21, 2011 and later, Ms. Shaw's profession and career wherein she performed numerous factory work tasks, including factory work tasks for her employer, Whirlpool.

4

18.     Ms. Shaw alleged that on or about at least October 8, 2009 and March 21, 2011, she suffered injuries and/or aggravations to: her bilateral shoulders; bilateral knees; bilateral hands/upper extremities; fibromyalgia; ulcers; psychiatric depression and anxiety.

19.     As a result of the aforesaid injuries, Ms. Shaw alleged she sustained both temporary and permanent injuries and disabilities, past expenses for medical care, and the need for the incurring of future medical expenses for the injuries sustained.

20.     As a result of the work related injuries, Ms. Shaw filed worker compensation actions seeking benefits under the worker compensation laws of the State of Iowa.

21.     Due to allegations of and due to the injuries Ms. Shaw suffered in these work-related accidents, Whirlpool, as self-insured for worker compensation, and Gallagher Bassett, as Whirlpools' third-party administrator, were obligated and required to investigate, act upon, monitor, and otherwise administer and reasonably adjust Ms. Shaw's worker compensation injuries and claims pursuant to and in accord with the Iowa Worker's Compensation Act. Those duties and obligations included: timely and proper investigation of all relevant issues, timely payment of all related temporary and permanent worker compensation benefits; and providing for, managing and paying for all related medical care for Ms. Shaw's injuries.

22.     During the processing of the filed worker compensation cases, Whirlpool and Gallagher Bassett disputed the allegations of Ms. Shaw as made in the filed worker compensation cases.

23.     During the processing of the worker compensation claims the employment of Ms. Shaw with Whirlpool was terminated.

24.     As a result of and during the processing of the worker compensation claims, Ms. Shaw and Defendant Whirlpool, through and with its agent Gallagher Bassett, entered into a

5

contingent compromise settlement of the worker compensation claims through and by way of a mediation held on July 7, 2016.

25.     This compromise settlement of the worker compensation claims was entered into pursuant to the provisions of Iowa Code §85.35(3) wherein the compromise settlement fully and finally disposed of all of the claims as set out therein, and as partially summarized below, including a provision for a §85.35(5) payment of monies for past conditional payments made by Medicare ("MSP") through the Centers for Medicare and Medicaid Services ("CMS") and for future medical expenses through the funding of a Medicare Set Aside Agreement ("MSA"), to be approved by CMS.

26.     Under the settlement agreement under Iowa Code §85.35(3) aforesaid there was an agreement, in part, that:

a.   Whirlpool, upon approval of the Iowa Worker Compensation Commissioner of the Compromise Settlement, was to pay to Ms. Shaw the sum of $172,400.

b.   Further, Whirlpool was to satisfy future payments and/or past conditional payments made by Medicare per the terms and conditions of the "contingency" as set forth on the Contingent Settlement Cover Sheet attached to the settlement documents.

27.     Under the compromise settlement agreement aforesaid, the Contingent Settlement Agreement per Iowa Code §85.35(5) provided that: "These parties agree the accompanying settlement and its approval are conditioned upon the occurrence of the following event: The collective amount of any MSA/CMS for Claimant's future medical expenses and any and all conditional payments, payments of liens made by or asserted by CMS, Medicare or Medicaid being at an amount at or below $30,000."

6

28.     As Ms. Shaw's employment with Whirlpool had been terminated, Whirlpool requested a further agreement and, thereby, as an additional part of the compromise settlement, Ms. Shaw agreed to a global release wherein she waived any and all claims theretofore existing or claimed to exist against Whirlpool and Gallagher Bassett, and their agents, which would include all past claims for bad faith in the processing of the worker compensation claims and claims arising from her employment and/or termination of employment with Whirlpool.

29.     The worker compensation agreement release and the  global release referred to above did not include an agreement of release of the actions of Whirlpool, Gallagher Bassett and/or ExamWorks in processing, completing and performing with the settlement agreements and subsequent actions in and after the formal approval of the Iowa Worker Compensation Commissioner.

30.     After completion of the preparation and execution of documentation for the agreed upon settlement of the Compromise and Settlement Agreement, the parties submitted the written agreement to the Iowa Worker Compensation Commissioner who approved the compromise settlement on or about September 16, 2016.

31.     As part of and in the process of the completion of and compliance with the settlement agreements, it was understood and agreed that Whirlpool and its agents, including Gallagher Bassett and ExamWorks, would work to submit the MSA and MSP conditional payment requests to CMS and obtain prompt approval of the MSA and MSP conditional payment lien approvals.

32.     As a part of and after the approval of the Compromise Settlement aforesaid, the Defendants Whirlpool, and Gallagher Bassett, as its agent, were required to act carefully, promptly and reasonably to comply with their obligations to undertake the submission of the contingent

7

proposal for the MSA to CMS for approval, along with obtaining of approved amounts for MSA and the calculation and payment of any MSP conditional payments made and/or due to CMS.

33. During the process of the attempt to obtain MSA approval and the calculation of and payment of any MSP conditional payments made and/or due to CMS, Ms. Shaw and/or her attorney on her behalf, attempted to obtain transparency and information as to the communications to, from by and between the offices of Whirlpool's attorney, ExamWorks and/or Gallagher Bassett as to the actions being taken to complete the contingencies for the settlement to be completed.

34. By December 8, 2016, the process had lacked so much transparency and so much lack of communication, that Ms. Shaw and her attorney requested immediate communication or they would need to consider retaining a new and a separate entity for the communications with CMS for submission of the MSA paperwork and completing the settlement.

35. Further and complete communication was not forthcoming such that by January 11, 2017, Ms. Shaw and her attorney obtained the services of Medivest Allocation Services, Inc. ("Medivest") to assist in obtaining information from CMS and help in obtaining the needed CMS MSA approval.

36. It was not until January 23, 2017, a week after Ms. Shaw's retention of Medivest for the submission of the MSA for approval, that ExamWorks made a Final Report, proposed medical to be submitted and medical payment history, and proposed it to be submitted to CMS for MSA approval.

37. By January 31, 2017, Medivest had prepared and submitted a package for approval from CMS of a MSA Agreement.

38. On February 15, 2017, in a period of less than a month after submission, CMS approved an MSA in the amount of $19,135.

39. On February 15, 2017, Ms. Shaw again re-requested, through her attorney, for the documentation between the adjuster and the vendor(s) utilized by either Whirlpool, Gallagher or ExamWorks for transparency.  This documentation was, again, not provided.

40. A request for re-consideration was submitted by Medivest to CMS and by March 22, 2017, in a period of less than 2 months from the date of original submission by Medivest, a decision was obtained by Medivest wherein the CMS confirmed its previous decision to determine the MSA to be in the sum of $19,135 thereby completing the process for approval of the MSA for the settlement.

41. Due to the lack of communication and transparency, and unknown to Ms. Shaw and her attorney, no appropriate attempts had apparently been made by Whirlpool, Gallagher Bassett and/or ExamWorks, to obtain CMS agreement of the amount and extent of the MSP conditional payments for the October 8, 2009 and the March 21, 2011 injury dates.

42. On March 24, 2017, attempt was made by Ms. Shaw and her attorney to complete the settlement and payment of the monies under the settlement.

43. However, that attempt by Ms. Shaw to complete settlement was refused and rejected by Whirlpool and Gallagher Bassett on the grounds that agreement of the amount and extent of the MSP conditional payments for the October 8, 2009 and the March 21, 2011 injury dates had not yet been obtained by Whirlpool, Gallagher Bassett and/or ExamWorks.

44. Request was made by Ms. Shaw of Whirlpool and Gallagher Bassett to authorize Medivest to directly work with CMS for approval of the MSP conditional payment resolution. This request was rejected.

45. On April 10, 2017, Ms. Shaw's attorney was able to make direct contact with CMS and the Commercial Repayment Center and Data Collection Department, wherein it was

9

discovered that the claims for DOI 3/21/2011 and 10/08/2009 were incorrectly reported and further work on the MSP conditional payments could not be completed until said claims were either amended or corrected claims were refiled.

46.    Ms. Shaw and her attorney requested Whirlpool and its agent, Gallagher Bassett, immediately make corrections to complete the process so MSP conditional payments agreements and resolutions could be concluded.

47.    It was not until April 24, 2017, that Whirlpool, Gallagher Bassett and/or ExamWorks obtained a MSP conditional benefits letter stating that there was no conditional payments as to the October 8, 2009 injury date.

48.    This April 24, 2017 letter from CMS was not provided to Ms. Shaw by the Defendants until May 1, 2017.

49.    The April 24, 2017 MSP letter further stated that if additional payments are made before conclusion of settlement, there could be additional payments due.

50.    The April 24, 2017 MSP letter from CMS only addressed the October 8, 2009 injury date and did not address the March 21, 2011 injury date.

51.    Ms. Shaw and her attorney continued in their requests Whirlpool and its agents to immediately make corrections to complete the process so MSP conditional payments agreements and resolutions could be concluded.

52.    Whirlpool and its agents failed and refused to take sufficient and appropriate actions to correct and complete the errors and obtain the further MSP conditional letter calculations, liens and payments.

53.     Finally, by June 16, 2017, Whirlpool acted upon requests from Ms. Shaw's attorney to, and finally authorized, Medivest to act as its representative to access information and to act to obtain appropriate MSP conditional payment letters.

54.     Thereafter, Medivest was finally able to access the information and correct and submit appropriate MSP conditional letter requests and obtain the MSP conditional payment agreements.

55.     Medivest worked with Ms. Shaw and her attorney to complete the process and obtain a final MSP conditional letter payment amount.

56.     On July 28, 2017, CMS issued a MSP conditional payment letter showing no monies were due and owing for the injury date of March 21, 2011.

57.     Despite the letter from CMS as to the March 21, 2011 injury date being issued on July 28, 2017, a copy of that letter was not acknowledged by Whirlpool and Gallagher Bassett until a week later, August 4, 2017.

58.     Despite this final MSP conditional payment letter being issued on July 28, 2017, and acknowledged on August 4, 2017, and Gallagher Bassett and Whirlpool acknowledging that was the final conditional event triggering obligation to make final payment on the settlement, the final payment was not issued on the settlement herein until September, 2017.

59.     In carrying out these actions for the approval of the MSA and the calculation and payment of any MSP conditional payments made and/or due to CMS, the Defendants Whirlpool, and its agents Gallagher Bassett and ExamWorks, without the knowledge, understanding and agreement of Ms. Shaw:

11

a.  Failed to timely and properly complete the paperwork for the calculation of and determination and payment of any MSP conditional payments for past medical expenses paid by Medicare through CMS.

b.  Failed to timely and properly compete the paperwork for such approval of a MSA/CMS approval;

c.  Failed and refused to comply with transparency and reasonably advise Ms. Shaw and/or her attorney of the submissions made by and submitted to CMS by Whirlpool, and its agents Gallagher Bassett and ExamWorks, for the MSA approvals and MSP conditional payment amounts.

60.  On or after March 22, 2017, and thereafter, Ms. Shaw first discovered and became aware of the failure of Whirlpool and its agent, Gallagher Bassett, to properly submit all paperwork to CMS for approval of MSP conditional payment agreements.

61.  Despite all efforts aforesaid to obtain action by Whirlpool and its agent, Gallagher Bassett, for proper submission of the paperwork to CMS, Ms. Shaw was unable to obtain reasonable, careful, prompt and transparent action by Whirlpool and its agents, Gallagher Bassett and ExamWorks, to take prompt and appropriate corrective action.

62.  Further, despite the sole failure of Whirlpool, and its agents Gallagher Bassett and ExamWorks, to carefully, reasonably, promptly and transparently obtain CMS approval of MSP conditional payment resolution and the MSA for and relating to the work injury, Whirlpool and its agent, Gallagher Bassett, failed and refused to make payment, weekly or otherwise, to Ms. Shaw of the sums due to Ms. Shaw under the compromise settlement agreement.

63.  Despite demands for payments of weekly benefits pending further approval by CMS, Whirlpool and its agent, Gallagher Bassett, failed and refused to make weekly payments.

12

64.     Demand was made upon Whirlpool and Gallagher Bassett to perform on the Compromise Settlement agreement, including the payment of the remaining sums due of the $172,400 to be paid.

65.     Despite demands for the payment, Whirlpool and Gallagher Bassett failed and refused to make such payment and complete the settlement and the payments under the settlement.

66.     As a result, Ms. Shaw eventually acted to obtain a judgment dated August 18, 2017, from the Iowa District Court under Iowa Code §85.42 for a judgment on the order of the Iowa Worker Compensation Commissioner and the payment of the monies due and owing thereunder.

67.     Despite the obtaining of the judgment from the Iowa District Court, the Defendants Whirlpool and Gallagher Bassett continued to fail and refuse to complete the settlement, including the payment of the remaining lump sum due and owing from the settlement amount of $172,400.

68.     Finally in or about September, 2017, Ms. Shaw was able to receive the payment of the monies remaining due under the worker compensation and global settlement.

## COUNT I -  BREACH OF CONTRACT FOR FAILURE TO ACT TO OBTAIN CMS APPROVALS

69.     Plaintiff hereby re-pleads and re-alleges paragraphs 1 to 68 above as if fully set forth herein.

70.     As stated above, on September 16, 2016, the Iowa Worker Compensation Commission approved a compromise settlement which, in part, established and provided that:

a.  The parties agreed that Ms. Shaw should be paid the sum of $172,400 related to Ms. Shaw's waiver of her claims for weekly benefits for her work injuries;

b.  Ms. Shaw agreed to pay any future medical care;

c.  Ms. Shaw agreed to waive all of her past claims for an additional $100;

13

d.  Whirlpool agreed to pay any required sum of MSA and conditional Medicare MSP payments, as determined by CMS, and Medicaid up to the sum of $30,000 for the injury dates of October 8, 2009 and March 21, 2011.

71.  As a result of the aforesaid and processing thereof, Whirlpool, Gallagher Bassett and ExamWorks agreed and undertook to submit and obtain the CMS approval of the MSA for the injury date of October 8, 2009 and MSP conditional payments resolution for the October 8, 2009 and March 21, 2011 injury dates.

72.  There was an implied term of good faith in the terms of the contract.

73.  The settlement agreement in this case to provide the MSA and MSP conditional payment resolution approval, if interpreted to delay the payment of the lump sum of $172,400 and the payment of any medical care to Ms. Shaw under the MSA in the context of the settlement of this worker compensation dispute, was a contract wherein it was known, or should have been known, that failure of Whirlpool, and its agents, Gallagher Bassett and ExamWorks, to act carefully, reasonably, promptly and transparently to obtain CMS approval of the MSP conditional payments resolution and MSA and would reasonably, likely and/or necessarily result in physical and mental injury to Ms. Shaw as a natural and probable consequence of such a breach of this contract.

74.  The failure of Whirlpool, and Gallagher Bassett and ExamWorks as its agents, to act carefully, reasonably, transparently and promptly to obtain CMS MSP conditional payment resolution and approval of the MSA for Ms. Shaw did result in physical and mental injury to Ms. Shaw.

75.  The settlement agreement in this case to provide approval of CMS for MSP conditional payment resolution and MSA provision of medical care to Ms. Shaw in the context of

14

the settlement of this worker compensation dispute was a contract wherein negligence or failure to perform the contract and provision of MSP conditional payment resolution and MSA approval and medical care by Whirlpool, and its agents Gallagher Bassett and ExamWorks, was likely to cause Ms. Shaw severe emotional distress.

76.     The failure of Whirlpool, and its agents Gallagher Bassett and ExamWorks, to act to provide carefully, reasonably, promptly and transparently for CMS conditional MSP payment resolution and approval of MSA for medical care for Ms. Shaw did result in severe emotional distress to Ms. Shaw.

77.     The settlement agreement in this case to provide the CMS conditional MSP payment resolution and approval for MSA for medical care to Ms. Shaw in the context of the settlement of this worker compensation dispute was a contract of a personal nature between Ms. Shaw and Whirlpool, and its third-party administrator agents, Gallagher Bassett and ExamWorks, as the CMS agent.

78.     The settlement agreement in this case to provide CMS conditional MSP payment resolution and approval for MSA for medical care to Ms. Shaw in the context of the settlement of this worker compensation dispute involved a contractual duty or obligation of Whirlpool, and its third party administrator agents, Gallagher Bassett and ExamWorks, that was coupled with matters of mental concern or solicitude of Ms. Shaw or with the sensibilities of Ms. Shaw and it was known by that parties at the time of contracting that a breach of this duty to provide this CMS conditional MSP payment resolution and approval of the MSA for medical care carefully, promptly, reasonably and transparently and thereby breach the contract would necessarily and/or reasonably result in mental anguish or suffering to Ms. Shaw.

15

79. The Defendant Whirlpool has tortuously and/or otherwise breached the contract as aforesaid.

80. The Defendant Gallagher Bassett has tortiously and/or otherwise breached the settlement contract and its third party contract as aforesaid and/or has negligently and/or intentionally interfered with the good faith performance of the settlement contract by Whirlpool.

81. The Defendant ExamWorks has tortiously and/or otherwise breached the settlement contract and its third party contract as aforesaid and/or has negligently and/or intentional interfered with the good faith performance of the settlement contract by Whirlpool.

**COUNT II -  INTENTIONAL AND TORTIOUS INFLICTION OF EMOTIONAL DISTRESS FOR FAILURE TO ACT TO COMPLY WITH AGREEMENT TO PROVIDE FOR CONDITIONAL PAYMENT RESOLUTION AND MSA FOR MEDICAL CARE**

82. Plaintiff hereby re-pleads and re-alleges paragraphs 1 to 81 above as if fully set forth herein.

83. The actions of Whirlpool, Gallagher Bassett and ExamWorks as set forth above, were:

   a. Outrageous conduct;

   b. Done with the intention of causing or the reckless disregard of the probability of causing emotional distress.

84. Ms. Shaw suffered severe or extreme emotional distress as a result to the outrageous conduct of Whirlpool, Gallagher Bassett and ExamWorks as alleged herein.

**DAMAGES**

16

85. Whirlpool, Gallagher Bassett and ExamWorks breaches of contract and duty as set forth above was and were a legal and proximate cause of damage to Ms. Shaw.

86. As a result of the actions and failures to act of Whirlpool and its agents, Gallagher Bassett and ExamWorks, Ms. Shaw was without sufficient funds to: to make timely payments on her mortgage; did not have the funds to timely pay utilities; did not have the funds to get to a grocery store for food and supplies; did not have the funds for reasonable purchases of food and supplies; did not have sufficient funds for obtaining of physical and mental health services; considered ending her life; suffered further pain and suffering and otherwise suffered physically, financially and emotionally.

87. As a result of the Whirlpool, Gallagher Bassett and ExamWorks breaches of contract and duty as set forth above, Teodora Shaw has been injured, and in such amount, as will be shown at trial herein including, but not limited to, the following, to-wit:

    a. Past physical and mental injury;

    b. Future physical and mental injury;

    c. Past loss of function of mind and body;

    d. Future loss of function of mind and body;

    e. Past incurring of additional expenses and costs, including but not limited to medical and pharmacy charges and additional attorney fees and expenses;

    f. In such other ways as will be shown.

88. The actions of Whirlpool, Gallagher Bassett and ExamWorks alleged herein are of such a contractual, agency or other joint and concerted nature such that joint and several liability for the damages to Ms. Shaw exists by, between and among all of them.

17

89.     The conduct of Whirlpool, Gallagher Bassett and ExamWorks in breaching the duties as set forth above were sufficiently willful and wanton so as to entitle Ms. Shaw to punitive or exemplary damages in such an amount as is deemed reasonable and proper.

WHEREFORE Plaintiff, Teodora Shaw, prays for judgment against Defendants Whirlpool Corporation, Gallagher Bassett Services, Inc and ExamWorks Clinical Solutions, LLC, for compensatory damages in a reasonable and proper amount, for punitive damages in a reasonable and proper amount, plus attorney fees, interest as allowed by law and costs of this action and for such other and further relief as is just and proper in the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff Teodora Shaw demands trial by a jury of all issues properly triable to a jury herein.

Stoltze & Stoltze, PLC

By: /s/ Bruce H. Stoltze
    Bruce H. Stoltze         (AT0007521)
    of
    Stoltze & Stoltze, PLC
    300 Walnut, Ste. 260
    Des Moines, Iowa  50309
    Telephone:  515.244.1473
    Facsimile:  515.244.3930
    E-mail:  bruce.stoltze@stoltzelaw.com
    Attorneys for Plaintiff

By:     /s/ John Q. Stoltze
    John Q. Stoltze         (AT0013285)
    of
    Stoltze & Stoltze, PLC
    300 Walnut, Ste. 260
    Des Moines, Iowa  50309
    Telephone:  515.244.1473
    Facsimile:  515.244.3930
    E-mail:  john.stoltze@stoltzelaw.com
    Attorneys for Plaintiff

ORIGINAL FILED VIA EDMS.

18

IN THE IOWA DISTRICT COURT IN AND FOR LINN COUNTY

| | |
|---|---|
| TEODORA SHAW,<br><br>        Plaintiff,<br><br>  vs.<br><br>WHIRLPOOL CORPORATION,<br>GALLAGHER BASSETT SERVICES, INC.,<br>and EXAMWORKS CLINICAL SOLUTIONS,<br>LLC,<br><br>       Defendants. | Case No.: _____<br><br><br>**ORIGINAL NOTICE** |

**TO:  THE ABOVE-NAMED DEFENDANT(S):**

**YOU ARE NOTIFIED** that a petition has been filed in the office of the Clerk of this Court naming you as Defendants in this action.  A copy of the Petition (and any documents filed with it) is attached to this notice. The attorney for the Plaintiff is Bruce H. Stoltze and John Q. Stoltze whose address is 300 Walnut Street, Suite 260, Des Moines, Iowa 50309. Plaintiff's attorneys' telephone number is (515) 244-1473, facsimile is (515) 244-3930 and email is: bruce.stoltze@stoltzelaw.com and john.stoltze@stoltzelaw.com.

You must serve a motion or answer within twenty (20) days after service of this Original Notice upon you and, within a reasonable time thereafter, file your Motion or Answer, with the Clerk of Court for Iowa District Court for Linn County, at the Courthouse in Cedar Rapids, Iowa. If you do not, judgment by default will be rendered against you for the relief demanded in the Petition.

This case has been filed in a county that utilizes electronic filing.  General rules and information on electronic filing are contained in Iowa Court Rules Chapter 16.  Information regarding requirements related to the protection of personal information in court filings is contained in Iowa court Rules Chapter 16, division VI.

If you need assistance to participate in court because of a disability, immediately call the disability coordinator at 515-286-3394.  Persons, who are hearing or speech impaired, may call Relay Iowa TTY at 1-800-735-2942.  Disability coordinators cannot provide legal advice.

**IMPORTANT:**  YOU ARE ADVISED TO SEEK LEGAL ADVICE
AT ONCE TO PROTECT YOUR INTERESTS

# STATE OF IOWA JUDICIARY

*Case No.* CVCV091659

*County* Linn

*Case Title* TEODORA SHAW VS WHIRLPOOL CORPORATION ETAL

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16**: http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(319) 398-3920** . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued* 12/04/2018 09:41:21 AM



*District Clerk of* Linn          *County*

/s/ Chris Slaymaker

IN THE IOWA DISTRICT COURT, IN AND FOR LINN COUNTY

| | |
|---|---|
| **TEODORA SHAW,** | Case No. <u>CVCV091659</u> |
| Plaintiff, | |
| Vs. | |
| WHIRLPOOL CORPORATION, GALLAGHER BASSETT SERVICES, INC., And EXAMWORKS CLINICAL SOULTIONS, LLC, | **PROOF OF SERVICE** |
| Defendants. | |

I hereby certify that I served a true copy of:

1.) Original Notice
2.) Petition at Law and Jury Demand

Served: **Whirlpool Corporation, c/o Corporation Service Company,**
**Accepted by: Vicki Reed**
At: **505-5ᵗʰ Avenue, Suite 729, December 13, 2018 at 2:38 pm**
**Des Moines, IA. 50309**

<u>**Service Fees: $28.33**</u>

Richard Elwell, president / owner

ON DEMAND SERVICES, INC.
6733 NW 4ᵗʰ Street
Des Moines, IA 50313. 515-210-5636

SUBSCRIBED and SWORN to before me on this 14ᵗʰ day of December, 2018.

ASHLEY J. SANDER
Commission Number 785996
My Commission Expires
September 9, 2020

Notary Public in and for the State of Iowa

## IN THE IOWA DISTRICT COURT, IN AND FOR LINN COUNTY

**TEODORA SHAW,**

Plaintiff,

Vs.

**WHIRLPOOL CORPORATION,
GALLAGHER BASSETT SERVICES, INC.,
And EXAMWORKS CLINICAL SOULTIONS,
LLC,**

Defendants.

Case No. <u>CVCV091659</u>

**<u>PROOF OF SERVICE</u>**

---

**I hereby certify that I served a true copy of:**

1.) Original Notice
2.) Petition at Law and Jury Demand

---

**Served: Gallagher Bassett Services, Inc., c/o Prentice Hall Corporation System,
Accepted by: Vicki Reed
At:  505-5th Avenue, Suite 729, December 13, 2018 at 2:38 pm
Des Moines, IA. 50309**

**<u>Service Fees: $28.33</u>**

Richard Elwell, president / owner

ON DEMAND SERVICES, INC.
6733 NW 4th Street
Des Moines, IA 50313. 515-210-5636

SUBSCRIBED and SWORN to before me on this ___14th___ day of December, 2018.

Notary Public in and for the State of Iowa

**ASHLEY J. SANDER**
Commission Number 785996
My Commission Expires
September 9, 20_20_

## IN THE IOWA DISTRICT COURT, IN AND FOR LINN COUNTY

| | |
|---|---|
| **TEODORA SHAW,**<br><br>               Plaintiff,<br><br>Vs.<br><br>WHIRLPOOL CORPORATION,<br>GALLAGHER BASSETT SERVICES, INC.,<br>And EXAMWORKS CLINICAL SOULTIONS,<br>LLC,<br><br>               Defendants. | **Case No. <u>CVCV091659</u>**<br><br><br><br>**<u>PROOF OF SERVICE</u>** |

**I hereby certify that I served a true copy of:**

1.) Original Notice
2.) Petition at Law and Jury Demand

---

**Served: ExamWorks Clinical Solutions, Inc., c/o Corporation Service Company,**
       **Accepted by: Vicki Reed**
   **At: 505-5th Avenue, Suite 729, December 13, 2018 at 2:38 pm**
      **Des Moines, IA. 50309**

**<u>Service Fees: $28.33</u>**

Richard Elwell, president / owner

ON DEMAND SERVICES, INC.
6733 NW 4th Street
Des Moines, IA 50313. 515-210-5636

SUBSCRIBED and SWORN to before me on this 14th day of December, 2018.

Notary Public in and for the State of Iowa

**ASHLEY J. SANDER**
Commission Number 785996
My Commission Expires
September 9, 2020

IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| TEODORA SHAW,<br><br>       Plaintiff,<br><br>vs.<br><br>WHIRLPOOL CORPORATION,<br>GALLAGHER BASSETT SERVICES, INC.,<br>and EXAMWORKS CLINICAL<br>SOLUTIONS, LLC,<br><br>       Defendants. | No. CVCV091659<br><br><br><br>**APPEARANCE** |

J. Michael Weston of the law firm of Lederer Weston Craig PLC enters his

Appearance on behalf of the Defendants, Whirlpool Corporation and Gallagher Bassett Services,

Inc.

**LEDERER WESTON CRAIG PLC**


By  /s/ J. Michael Weston
J. Michael Weston   AT0008405
118 Third Ave SE, Suite 700
Cedar Rapids, IA 52406-1927
Telephone:  (319) 365-1184
Fax:           (319) 365-1186
E-mail:  mweston@lwclawyers.com

**ATTORNEYS FOR DEFENDANTS
WHIRLPOOL CORPORATION and
GALLAGHER BASSETT SERVICES, INC.**

1

Copy to:

Bruce H. Stoltze, Esq.
John Q. Stoltze, Esq.
Stoltze & Stoltze, PLC
300 Walnut, Suite 260
Des Moines, IA  50309
Phone:  (515) 244-1473
Fax:      (515) 244-3930
E-mail:  bruce.stoltze@stoltzelaw.com
E-mail:  john.stoltze@stoltzelaw.com
**ATTORNEYS FOR PLAINTIFF**


<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing instrument was e-filed with the Court on December 28, 2018 and served electronically upon counsel of record for each party to the action through EDMS notification.


   */s/ J. Michael Weston*

2

IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| TEODORA SHAW, <br><br> Plaintiff, <br><br> vs. <br><br> WHIRLPOOL CORPORATION, GALLAGHER BASSETT SERVICES, INC., and EXAMWORKS CLINICAL SOLUTIONS, LLC, <br><br> Defendants. | No. CVCV091659 <br><br><br><br> **APPEARANCE** |

Allyson F. Aden of the law firm of Lederer Weston Craig PLC enters her

Appearance on behalf of the Defendants, Whirlpool Corporation and Gallagher Bassett Services,

Inc.

**LEDERER WESTON CRAIG PLC**


By: */s/ Allyson F. Aden*
Allyson F. Aden        AT0012413
4401 Westown Parkway, Suite 212
West Des Moines, IA  50266
Phone:  (515) 224-3911
Fax:      (515) 224-2698
E-mail:  aaden@lwclawyers.com

**ATTORNEYS FOR DEFENDANTS
WHIRLPOOL CORPORATION and
GALLAGHER BASSETT SERVICES, INC.**

1

Copy to:

Bruce H. Stoltze, Esq.
John Q. Stoltze, Esq.
Stoltze & Stoltze, PLC
300 Walnut, Suite 260
Des Moines, IA  50309
Phone:  (515) 244-1473
Fax:     (515) 244-3930
E-mail:  bruce.stoltze@stoltzelaw.com
E-mail:  john.stoltze@stoltzelaw.com
**ATTORNEYS FOR PLAINTIFF**

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was e-filed with the Court on December 28, 2018 and served electronically upon counsel of record for each party to the action through EDMS notification.

    /s/ Allyson F. Aden

2

IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| TEODORA SHAW,<br><br>        Plaintiff,<br><br>vs.<br><br>WHIRLPOOL CORPORATION,<br>GALLAGHER BASSETT SERVICES, INC.,<br>and EXAMWORKS CLINICAL<br>SOLUTIONS, LLC,<br><br>        Defendants. | No. CVCV091659<br><br><br><br>**MOTION TO EXTEND TIME<br>TO MOVE OR PLEAD**<br>**(Consent Given)** |

Defendants, Whirlpool Corporation and Gallagher Bassett Services, Inc. (hereinafter "Whirlpool" and "GBS," respectively), for their Motion to Extend Time to Move or Plead (Consent Given), state as follows:

1.      Plaintiff's Petition at Law and Jury Demand was filed in this matter on December 3, 2018.

2.      Defendants Whirlpool and GBS were served on December 13, 2018.

3.      The deadline for Defendants Whirlpool and GBS to move or plead is January 2, 2019.

4.      The undersigned appeared for Whirlpool and GBS on December 28, 2018.

5.      Counsel for Defendants Whirlpool and GBS needs an additional twenty (20) days, or up to and including January 22, 2019, to move or plead, because of the holiday season.

6.      Counsel for Plaintiff has consented to this extension.

7.      No party will be prejudiced by granting such an extension.

WHEREFORE, Defendants, Whirlpool Corporation and Gallagher Bassett Services, Inc., respectfully request that the Court grant them an additional twenty (20) days, or up to and

1

including January 22, 2019, in which to move or plead, and for such other relief as the Court

deems just.

                                        **LEDERER WESTON CRAIG** PLC


                                        By  */s/ J. Michael Weston*
                                        J. Michael Weston    AT0008405
                                        118 Third Ave SE, Suite 700
                                        Cedar Rapids, IA 52406-1927
                                        Telephone:  (319) 365-1184
                                        Fax:            (319) 365-1186
                                        E-mail:  mweston@lwclawyers.com

                                        Allyson F. Aden    AT0012413
                                        4401 Westown Parkway, Suite 212
                                        West Des Moines, IA  50266
                                        Phone: (515) 224-3911
                                        Fax:     (515) 224-2698
                                        E-mail:  aaden@lwclawyers.com

                                        **ATTORNEYS FOR DEFENDANTS**
                                        **WHIRLPOOL CORPORATION and**
                                        **GALLAGHER BASSETT SERVICES, INC.**

Copy to:

Bruce H. Stoltze, Esq.
John Q. Stoltze, Esq.
Stoltze & Stoltze, PLC
300 Walnut, Suite 260
Des Moines, IA  50309
Phone:  (515) 244-1473
Fax:     (515) 244-3930
E-mail:  bruce.stoltze@stoltzelaw.com
E-mail:  john.stoltze@stoltzelaw.com
**ATTORNEYS FOR PLAINTIFF**


                    CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing
instrument was e-filed with the Court on December 28,
2018 and served electronically upon counsel of record for
each party to the action through EDMS notification.


  */s/ J. Michael Weston*

                                    2

| | |
|---|---|
| TEODORA SHAW,<br><br>    Plaintiff,<br><br>v.<br><br>WHIRLPOOL CORPORATION,<br>GALLAGHER BASSETT SERVICES,<br>INC., and EXAMWORKS CLINICAL<br>SOLUTIONS, LLC.<br><br>    Defendants. | Case No. CVCV091659<br><br>**APPEARANCE** |

COMES NOW the undersigned attorney, Joseph G. Gamble, and hereby enters his Appearance on behalf of Defendant Examworks Clinical Solutions, LLC.

/s/Joseph G. Gamble
Joseph G. Gamble AT0009417
DUNCAN, GREEN, BROWN & LANGENESS, P.C.
400 Locust Street, Suite 380
Des Moines, Iowa 50309-2363
Telephone:  (515) 288-6440
Facsimile:  (515) 288-6448
jgamble@duncangreenlaw.com
ATTORNEY FOR DEFENDANT
EXAMWORKS CLINICAL SOLUTIONS, LLC

Copy to:

Bruce H. Stoltze
John Q. Stoltze
Stoltze & Stoltze, PLC
300 Walnut Street, Suite 260
Des Moines, Iowa  50309
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon all parties and/or each of the attorneys of record of all parties to the above entitled cause in the manner specified below to each such attorney at such attorney's address as disclosed by the pleadings herein on the 28th day of December, 2018.

By: ■ EDMS □ Facsimile
    □ Hand Delivered □ Overnight Mail
    □ E-mail

Signature:  /s/ Jodi Wignall

IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| TEODORA SHAW,<br><br>             Plaintiff,<br><br>vs.<br><br>WHIRLPOOL CORPORATION,<br>GALLAGHER BASSETT SERVICES, INC.,<br>and EXAMWORKS CLINICAL<br>SOLUTIONS, LLC,<br><br>             Defendants. | No. CVCV091659<br><br><br><br>**ORDER GRANTING<br>MOTION TO EXTEND TIME<br>TO MOVE OR PLEAD** |

NOW on this day, the Court having reviewed the Motion to Extend Time to Move or Plead filed by Defendants, Whirlpool Corporation and Gallagher Bassett Services, Inc., finds that the same should be granted for the reasons stated therein.

IT IS, THEREFORE, ORDERED that Defendants, Whirlpool Corporation and Gallagher Bassett Services, Inc., shall have up to and including January 22, 2019 in which to move or plead in this matter.

Clerk to notify.



State of Iowa Courts

**Type:**          OTHER ORDER

| **Case Number** | **Case Title** |
|---|---|
| CVCV091659 | TEODORA SHAW VS WHIRLPOOL CORPORATION ETAL |

So Ordered

Robert E. Sosalla, District Court Judge,
Sixth Judicial District of Iowa

Electronically signed on 2018-12-28 16:01:36     page 2 of 2

# IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| TEODORA SHAW,<br><br>     Plaintiff,<br><br>v.<br><br>WHIRLPOOL CORPORATION, GALLAGHER BASSETT SERVICES, INC., and EXAMWORKS CLINICAL SOLUTIONS, LLC.<br><br>     Defendants. | Case No. CVCV091659<br><br><br><br>DEFENDANT EXAMWORKS CLINICAL SOLUTIONS, LLC'S MOTION TO EXTEND TIME TO MOVE OR PLEAD<br>(Consent Given) |

COMES NOW the Defendant Examworks Clinical Solutions, LLC, by and through the undersigned counsel, and for its Motion to Extend Time to Move or Plead (Consent Given), states as follows:

1. Plaintiff's Petition at Law and Jury Demand was filed in this matter on December 3, 2018.

2. Defendant Examworks Clinical Solutions, LLC was served on or about December 13, 2018.

3. The deadline for this Defendant to move or plead is January 2, 2019.

4. The undersigned appeared for Defendant Examworks Clinical Solutions, LLC on December 28, 2018.

5. The undersigned needs an additional twenty (20) days, or up to and including January 22, 2019, to move or plead, because of the holiday season.

6. Counsel for Plaintiff has consented to this extension.

7. No party will be prejudiced by granting such an extension.

WHEREFORE, Defendant Examworks Clinical Solutions, LLC respectfully requests that the Court grant them an additional twenty (20) days, or up to and including January 22, 2019, in which to move or plead, and for such other relief as the Court deems appropriate.

/s/ Joseph G. Gamble
Joseph G. Gamble AT0009417
DUNCAN, GREEN, BROWN & LANGENESS, P.C.
400 Locust Street, Suite 380
Des Moines, Iowa 50309-2363
Telephone: (515) 288-6440
Facsimile: (515) 288-6448
jgamble@duncangreenlaw.com
ATTORNEY FOR DEFENDANT
EXAMWORKS CLINICAL SOLUTIONS, LLC

Copy to:

Bruce H. Stoltze
John Q. Stoltze
Stoltze & Stoltze, PLC
300 Walnut Street, Suite 260
Des Moines, Iowa 50309
ATTORNEYS FOR PLAINTIFF

<table>
<tr><td colspan="2"><b>CERTIFICATE OF SERVICE</b></td></tr>
<tr><td colspan="2">The undersigned hereby certifies that a true copy of the foregoing instrument was served upon all parties and/or each of the attorneys of record of all parties to the above entitled cause in the manner specified below to each such attorney at such attorney's address as disclosed by the pleadings herein on the 28th day of December, 2018.</td></tr>
<tr><td>By: ■ EDMS<br>☐ Hand Delivered<br>☐ E-mail</td><td>☐ Facsimile<br>☐ Overnight Mail</td></tr>
<tr><td colspan="2">Signature: /s/ Jodi Wignall</td></tr>
</table>

- 2 -

IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| TEODORA SHAW,<br><br>      Plaintiff,<br><br>v.<br><br>WHIRLPOOL CORPORATION,<br>GALLAGHER BASSETT SERVICES,<br>INC., and EXAMWORKS CLINICAL<br>SOLUTIONS, LLC.<br><br>      Defendants. | Case No. CVCV091659<br><br><br>ORDER GRANTING DEFENDANT<br>EXAMWORKS CLINICAL<br>SOLUTIONS, LLC'S MOTION TO<br>EXTEND TIME TO MOVE OR<br>PLEAD<br>(Consent Given) |

NOW on this day, the Court having reviewed the Motion to Extend Time to Move or Plead filed by Defendant, Examworks Clinical Solutions, LLC, finds that the same should be granted for the reasons stated therein.

IT IS, THEREFORE, ORDERED that Defendant, Examworks Clinical Solutions, LLC, shall have up to and including January 22, 2019 in which to move or plead in this matter.

Clerk to notify.

E-FILED 2018 DEC 31 10:59 AM LINN - CLERK OF DISTRICT COURT



State of Iowa Courts

**Type:** OTHER ORDER

**Case Number** | **Case Title**
CVCV091659 | TEODORA SHAW VS WHIRLPOOL CORPORATION ETAL

So Ordered

Mitchell E. Turner, District Court Judge,
Sixth Judicial District of Iowa

Electronically signed on 2018-12-31 10:59:41     page 2 of 2